VIRNA L. SANTOS, ESQ., SBN 150017
Santos Law Group
1225 E. Divisadero Street
Fresno, CA 93721
Office: (559) 500-3900
Fax: (559) 500-3902

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITEDS STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>RAUL GUTIERREZ-ORTEGA,<br>RAFAEL FLORES DE LA RIVA,<br><br>  Defendants. | CASE NO. 1:19-CR-00074 DAD-BAM<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE**<br><br>Hon. Barbara A. McAuliffe |

Defendants Gutierrez Ortega and Flores De La Riva, through their undersigned counsel, hereby request that current status conference currently set for September 28, 2020 be continued to January 13, 2021at 1:00 p.m.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows

STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE
1

judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE
2

week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Defendants, by and through their counsel of record, and Plaintiff United States of America, hereby stipulate as follows:

1.  By previous order, this matter was set for status on September 28, 2020.

2.  By this stipulation, defendant now moves to continue the status conference until January 13, 2021, and to exclude time between September 28, 2020, and January 13, 2021, under Local Code T4.

3.  The parties agree and stipulate, and request that the Court find the following:

    a.  The government has represented that the discovery associated with this case has been produced to counsel.

---

[1] The parties note that General Order 612 acknowledges that a judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE
3

b. Counsel for the defendants desire additional time to consult with their clients about a possible resolution to this matter and to otherwise prepare for trial.

c. Counsel for the defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

f. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 28, 2020 to January 13, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such

STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE
4

action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IS SO STIPULATED.**

DATED: September 23, 2020        Respectfully Submitted,

/s/ Virna L. Santos
VIRNA L. SANTOS
Counsel for Rafael Flores De La Riva

/s/ Roger Bonakdar
ROGER BONAKDAR
Counsel for Raul Gutierrez-Ortega

/s/ Jessica A. Massey
JESSICA A. MASSEY
Assistant U.S. Attorney

## ORDER

IT IS SO ORDERED that the Status Conference is continued from September 28, 2020 to **January 13, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.** Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **September 23, 2020**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE
5